## CIRCUIT COURT OF CULPEPER COUNTY

Betty Rowe

v.

Commonwealth of Virginia, etc.

November 16, 1988

By JUDGE LLOYD C. SULLENBERGER

At a date shortly before April 23, 1986, the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement Programs, ex rel. Comptroller of Virginia (DCSE), brought a petition in the Juvenile and Domestic Relations District Court of Culpeper County alleging DCSE had been furnishing public assistance of $207 per month since January 1, 1983, to Kiersten Ann Rowe, born August 4, 1978, the child of Betty Rowe. (*See* Circuit Court Record p. 13).

Paragraph 6 of the petition provided:

That under the provisions of Chapter 13, Title 63.1, Code of Virginia (1950) as amended, the Commonwealth of Virginia, Department of Social Services, Division of Support Enforcement, is entitled to receive support paid by the Respondent for the above child(ren) for reimbursement of monies expended by the State in providing public assistance to such child(ren).

DCSE sought an order of support directed to Respondent Betty Rowe.

By agreed order in the Juvenile and Domestic Relations District Court entered June 4, 1986, following a hearing

on May 28, 1986, in the above-described proceeding, with both DCSE and Rowe represented by counsel, Rowe was ordered to pay $30 every two weeks to DCSE beginning June 6, 1986 (R. 15-16).

By administrative order instituted on or about December 31, 1986, DCSE sought to assess Rowe for $540 back support for the period October 1, 1985, to June 1, 1986, using the $30 bi-weekly rate (R. 17). Rowe objected because she felt the court's order of June 4, 1986, making only a prospective award was *res judicata.*

An administrative hearing upheld DCSE (R. 4-5). An appeal was taken by Rowe to the Culpeper Juvenile and Domestic Relations District Court, and Rowe appeals to this court.

Both parties have moved for summary judgment, based largely on the facts set forth above. Memoranda have been received.

To the court, the parties' positions seem simple.

Rowe says that in the spring 1986 proceeding, DCSE alleged payments for the child since 1983 and sought reimbursement; that DCSE could and should have had the court order reimbursement in an amount for both previously paid assistance and assistance to be paid in the future, *see Flora, Flora & Montague, Inc. v. Sanders,* 235 Va. 306, 310-11 (1988), discussing the principle of *res judicata* applicable; that DCSE is barred by *res judicata* from its subsequent administrative attempt to assess and collect for assistance paid before the spring 1986 order.

DCSE, in effect, contends that it can proceed under the court petition as it did to merely obtain a court determination as to the amount of periodic assistance reimbursement a responsible party should pay and a date for a prospective order for such reimbursement. It says it can then administratively apply the amount to assistance paid prior to the court's order.

DCSE further argues that even if *res judicata* might apply, it should not be applied for public policy reasons.

While the court recognizes the public policy that those responsible for the support of those benefitting from public assistance should reimburse the State to the extent they have the ability, the court can see no reason why ordinary principles of *res judicata* should not apply in this case.

DCSE filed a petition against Rowe alleging payments since 1983 and seeking reimbursement. Yet, according to the consent order entered, DCSE did not seek to address one of the two aspects of its case: a judgment for back financial assistance according to the court-determined ability of Rowe to pay.

The plea of *res judicata* will be sustained, and summary judgment will be granted to Betty Rowe.